### APPEAL OF KAUFMAN STRAUS CO.

Docket No. 2649.   Submitted July 23, 1925.   Decided September 30, 1925.

1. The annual exhaustion of a lease is to be computed by dividing the actual March 1, 1913, value thereof by the number of years remaining at that date of the unexpired term.

2. The March 1, 1913, value of a lease may not be computed by multiplying the difference between the stipulated rental and a greater actual rental value (clearly established), by the number of years remaining at that date of the unexpired term, for such method does not take due account of the fact that a purchaser of a lease on March 1, 1913, would expect to recover not only the purchase price but a reasonable return upon the investment over the unexpired term of the lease.

*Attilla Cox* and *E. J. Wells, Esqs.*, for the taxpayer.
*A. J. Seaton, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1920 in the amount of $1,663.52. The taxpayer claims error on the part of the Commissioner in excluding from its deductions the amount of $10,250, alleged to represent the exhaustion of the value of a certain lease as of March 1, 1913.

### FINDINGS OF FACT.

The taxpayer is a Kentucky corporation with its principal office in Louisville, where it carries on, in the premises hereinafter mentioned, a general mercantile and department store business.

On or about February 1, 1903, and continuously after that date, the Louisville Public Library, a corporation organized under the laws of Kentucky, was the owner of a certain lot, 138 feet, more or less, by 200 feet, on the east side of Fourth Street, between Green and Walnut Streets, in Louisville, Ky., upon which was erected a building suitable for use as a department store.

On February 1, 1903, the taxpayer leased the above-mentioned property from the Louisville Public Library, at a rental of $22,000 per annum, for a period of 10 years. The taxpayer continued to occupy said premises under that lease. On May 27, 1910, a renewal lease was entered into running from February 1, 1913, to January 31, 1928, at a rental of $36,000 per annum. In addition to the 15-year term therein provided, it was provided that the taxpayer might, at its option, renew the said lease for a further period of 12 years beyond the date of the expiration of the lease then entered into, at a rental to be determined by disinterested appraisers appointed by the parties.

The taxpayer continuously occupied the premises in question from May 27, 1910, until after the close of the taxable year here in question, and is still occupying the said premises.

The above-mentioned lease, dated May 27, 1910, under the terms above set forth, had a fair value on March 1, 1913, of $78,881.85, and the reasonable annual rental of the property in question as of March 1, 1913, was $46,250. The reasonable allowance for the ex-

haustion of said leasehold as of March 1, 1913, per annum, over the term of the lease, was $5,258.79.

### DECISION.

### OPINION.

JAMES: The taxpayer established by satisfactory evidence that on March 1, 1913, the reasonable rental of the property in question, leased from the Louisville Public Library, was in excess of the rental stipulated in the lease entered into May 27, 1910, and running from February 1, 1913, to January 31, 1928. On this point the testimony of its expert witnesses is convincing, but the expert witnesses arrived at the value of the lease by multiplying the above excess rental, $10,250 per annum, by 15. This method of computation leaves out of account the fact that a purchaser of a lease as of March 1, 1913, would expect to recover not only the purchase price but a reasonable return upon the money invested over the period of 14 years and 11 months, which represented the unexpired term at that date. Reducing, therefore, the excess rental of $10,250 to terms of present worth, the value of the lease on the date in question is as set forth in the above findings of fact, and the exhaustion per annum is one-fifteenth of that amount. The deficiency should therefore be recomputed by allowing the taxpayer a deduction of $5,258.79 for the year 1920 on account of the exhaustion of its lease.

ARUNDELL not participating.