*720 OPINION.
James:
The taxpayer established by satisfactory evidence that on March T, 1913, the reasonable rental of the property in question, leased from the Louisville Public Library, was in excess of the rental stipulated in the lease entered into May 27, 1910, and running from February 1, 1913, to January 31, 1928. On this point the testimony of its expert witnesses is convincing, but the expert witnesses arrived at the value of the lease by multiplying the above excess rental, $10,250 per annum, by 15. This method of computation leaves out of account the fact that a purchaser of a lease as of March 1, 1913, would expect to recover not only the purchase price but a reasonable return upon the money invested over the period of 14 years and 11 months, which represented the unexpired term at that date. Reducing, therefore, the excess rental of $10,250 to terms of present worth, the value of the lease on the date in question is as set forth in the above findings of fact, and the exhaustion per annum is one-fifteenth of that amount. The deficiency should therefore be recomputed by allowing the taxpayer a deduction of $5,258.79 for the year 1920 on account of the exhaustion of its lease.
Arundell not participating.